**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK L. SHERNOFF, : | CIVIL ACTION NO. 09-1353 (MLC) |
| Plaintiff, : | **MEMORANDUM OPINION** |
| v. : | |
| MORGAN MARINA, INC., et al., : | |
| Defendants. : | |

**THE PLAINTIFF**, who is pro se, bringing this action in state court to recover damages for breach of a contract to repair a boat ("Contract") (dkt. entry no. 1, Compl.); and the defendants removing the action under (1) "General Maritime Law of the United States within the meaning of 28 U.S.C. § 1292(a)(3)" and (2) "General Maritime Law, and Federal Statutes and Acts of Congress, specifically, that of a Maritime claim within the meaning of [Federal Rule of Civil Procedure] 9(h)" (dkt. entry no. 1, Rmv. Not. at 1-2); and the defendants simultaneously filing (1) an answer, and (2) a counterclaim under 28 U.S.C. § ("Section") 1333 seeking to recover payment (a) under the Contract, and (b) for summer-slip and winter-storage fees ("Counterclaim") (dkt. entry no. 2, Answer & Countercl.); and the defendants bearing the burden of demonstrating jurisdiction, see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, see 28 U.S.C. § 1447(c); and

**THE RELEVANT STATUTE** concerning admiralty actions stating:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, <u>saving to suitors in all cases all other remedies to which they are otherwise entitled</u>

28 U.S.C. § 1333(1) (emphasis added); and it appearing that the emphasized language, known as the saving-to-suitors clause, has the following effect:

> Admiralty excepts a class of cases from the general rule that cases which could originally have been filed in federal court are removable to federal court at the option of the defendant. Common law maritime cases filed in state court are not removable to federal court, due to [the] "saving to suitors" clause. Dating back to the Judiciary Act of 1789, this clause preserves a plaintiff's right to a state court forum in cases arising under the common law of the sea

<u>Pierpoint v. Barnes</u>, 94 F.3d 813, 816 (2d Cir. 1996); <u>accord</u> <u>Super. Fish Co. v. Royal Globe Ins. Co.</u>, 521 F.Supp. 437, 441 (E.D. Pa. 1981); and it thus appearing that the plaintiff's claim — which the Court assumes, <u>arguendo</u>, can be construed as being an admiralty claim — cannot be removed to federal court, <u>see</u> <u>Romero v. Int'l Term. Oper. Co.</u>, 358 U.S. 354, 371-72 (1959); <u>U.S. Express Lines v. Higgins</u>, 281 F.3d 383, 390 (3d Cir. 2002);[1] and

**IT APPEARING** that this action is also an in-personam admiralty action, as the plaintiff lists a person and a business

---

[1] There would be no jurisdiction under Section 1332, as the plaintiff and the defendants are New Jersey citizens. (<u>See</u> Compl. at 1-2.)

as the defendants and seeks to adjudicate the interests of those specific parties only, and thus the plaintiff — the "suitor" — can be "saved" from removal, see Lewis v. Lewis & Clark Marine, 531 U.S. 438, 445-46 (2001); Madruga v. Super. Ct., 346 U.S. 556, 560-61 (1954); and it appearing, in contrast, that an in-rem proceeding — which treats a vessel as the offender, names the vessel as a defendant, and seeks to adjudicate the interests of the world at large — could be within the exclusive jurisdiction of the Court, Madruga, 346 U.S. at 560; Wehr v. Pheley, No. 99-4574, 2000 WL 236438, at *2 (N.D. Cal. Feb. 16, 2000); but

**IT APPEARING** that the plaintiff's choice to bring this in-personam admiralty action in state court cannot be disturbed, see J. Aron & Co. v. Chown, 894 F.Supp. 697, 699-700 (S.D.N.Y. 1995) (stating state court commencement is "irrevocable election" that "forever prevents" removal); Kurkomelis v. Goldenbaum, No. 89-696, 1990 WL 156145, at *5-*6 (E.D.N.Y. Aug. 21, 1990) (remanding action for lack of subject matter jurisdiction, even though plaintiff did not object to removal under Section 1333 within thirty days, and noting that courts may address issue sua sponte); Jenkins v. Moshulu Rest., No. 86-6211, 1986 WL 12945, at *1 (E.D. Pa. Nov. 17, 1986) (remanding action even though plaintiff did not oppose removal under Section 1333);[2] and

---

[2] Jenkins was decided by the Honorable Anthony J. Scirica, who is now the Chief Judge for the Third Circuit Court of Appeals.

**IT APPEARING** that the Counterclaim does not negate the bar to removal here, as jurisdiction cannot rest upon a counterclaim, even if a counterclaim is compulsory, see Vaden v. Discover Bank, No. 07-773, 2009 WL 578636, at *7 (U.S. Mar. 9, 2009) (stating same, and "that it would undermine the clarity and simplicity of [the well-pleaded complaint] rule if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings"); and

**THE COURT** thus intending to remand the action to state court now for lack of jurisdiction under Section 1333(1);[3] and for good cause appearing, the Court will issue an appropriate Order and Judgment.

        s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

Dated: March 30, 2009

---

[3] The Court declines to follow Dao v. Knightsbridge Int'l Reins. Corp., 15 F.Supp.2d 567 (D.N.J. 1998) to the extent that it may be read to hold to the contrary. As the Third Circuit Court of Appeals has issued no opinion in this area that is on point, it would be understandable if the defendants were to attempt to seek appellate review of this Court's decision.